McGREGOR W. SCOTT
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2700



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No.  06-341-EJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| TIMOTHY CRAIG RANDALL, | ) | |
| aka "timnevada", | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

1.  **Parties:**  Plaintiff United States of America, by and through Assistant United States Attorney Michelle Rodriguez, and defendant Timothy Craig Randall, joined by his attorney, Assistant Federal Defender Linda Harter, stipulate to entry of this plea agreement reached after negotiations pursuant to Federal Rules of Criminal Procedure (FRCP) 11 and 32.

2.  **Scope of Agreement:**  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (EDCA) and the defendant.  This plea agreement is limited to the United States Attorney's Office for the EDCA and cannot bind any other federal, state or local

PLEA AGREEMENT (Timothy Craig Randall)                                      1

prosecuting, administrative or regulatory authorities, except as otherwise specified herein. The Indictment in this case charges the defendant as follows:

| Count | Date | Violation |
|---|---|---|
| 1 | 11/05 to 4/27/06 | 18 U.S.C. § 2422(b) - Use of Interstate Commerce to Induce Minor to Engage in Criminal Sexual Activity |
| 2 | 4/27/06 | 18 U.S.C. § 2423(b) - Travel in Interstate Commerce with Intent to Engage in Illicit Sexual Conduct |

The defendant shall plead guilty as charged in count one of the indictment, a violation of 18 U.S.C. § 2422(b).

3. The United States and the defendant agree that a specific sentence, in accordance with the stipulations set forth herein, is appropriate. Consequently, this plea agreement is being offered to the Court pursuant to FRCP 11(c)(1)(C). Under FRCP 11(c)(3) and FRCP(c)(5), the Court may accept or reject the agreement, or may defer its decision to accept or reject until there has been an opportunity to consider the presentence report. If the Court accepts the plea agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this plea agreement. If the Court rejects this plea agreement, the Court shall so advise the defendant and the United States and either party may withdraw from the agreement.

### DEFENDANT'S OBLIGATIONS

4. **Guilty Plea:** The defendant shall plead guilty as charged in count one of the indictment, a violation of 18 U.S.C. § 2422(b). The defendant agrees that he is in fact guilty of this charge and that the stipulated factual basis set forth within this

PLEA AGREEMENT (Timothy Craig Randall)     2

agreement is accurate. The defendant agrees to pay any criminal fine as ordered by the district court at the sentencing hearing. The defendant agrees to pay a special assessment of $100.00 as directed by the United States Probation Office. The defendant agrees that he shall pay full restitution to any victim of his underlying offense of conviction or to any victim identified in his relevant criminal conduct. The defendant agrees that he will not attempt to discharge any restitution obligation through bankruptcy proceedings.

**MAXIMUM SENTENCE**

5. The defendant understands that: (a) the maximum penalty for his violations is as follows:

| Count | Description | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 2422(b) - Use of Interstate Commerce to Induce Minor to Engage in Criminal Sexual Activity | no less than (min. mandatory) 5 years prison & up to 30 years prison; $250,000 fine; TSR up to life; restitution |

(b) if the term (up to life) of supervised release (TSR) for his conviction is revoked, a 5 year additional period of consecutive incarceration may be imposed; and (c) a mandatory $100 penalty assessment for his felony conviction will be imposed in addition to any penalty imposed by the Court. The defendant fully agrees to forfeiture of (1) any and all seized computers, (2) digital photographic equipment of any type, and (3) cameras. Randall further stipulates that the United States may destroy all sex paraphernalia that Randall possessed, and he forfeits all of his rights to any such seized evidence. The defendant understands and agrees that any combination or all

PLEA AGREEMENT (Timothy Craig Randall)  3

penalties / components of his sentence may be run additionally and consecutively by the Court, including, for example, that the term of supervised release shall follow the imposed period of incarceration and that the Court will be requested to make an order of restitution to any and all identifiable victims.

### ELEMENTS OF THE FEDERAL OFFENSE

6. Randall agrees that, if this matter proceeded to trial, then the United States would be required to prove beyond a reasonable doubt, and during the occasion charged, the following.

First    in the jurisdiction of the EDCA, the defendant knowingly and willfully used the internet, telephones, highways, and other means of interstate commerce;

Second    the defendant, in using such means of interstate commerce, attempted to persuade, induce and entice an individual that the defendant believed was under the age of 18 to engage in sexual activity; and

Third    the defendant's intended sexual activity with the person under the age of 18 constituted a criminal offense under the law of the state of California, namely a felony violation of CPC section 288(a).

### EFFECT OF PLEA

7. The defendant understands and agrees that he may not withdraw his plea as a result of an order of supervision, registration as a sex offender, restitution, or fine imposed by the Court, notwithstanding any prediction, representation, or promise by his attorney or anyone else concerning such orders.

### SENTENCING DETERMINATION

8. Statutory Authority: The defendant understands that the Court must consult the Sentencing Guidelines (as promulgated under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005)), and must take such

into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case under the Sentencing Guidelines. The defendant understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing guidelines. The defendant understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The parties stipulate that the Court refer this matter, prior to judgment and sentencing, to the U.S. Probation Office for a full presentence report. The parties agree that the presentence report shall be considered by the Court prior to judgment and sentencing.

9. Pursuant to FRCP 11(c)(1)(C), the parties agree that the following sentencing guideline calculation is applicable in this case, and that the conditional stipulated (minimum mandatory) term of incarceration set forth is the appropriate term of incarceration in this case. First, Randall'S base offense level is 24 under U.S.S.G. section 2G1.3(a), plus 2 levels under section 2G1.3(b)(2), and plus 2 levels under section 2G1.3(3). And second, provided Randall accepts responsibility, his adjusted level may be decreased 3 levels pursuant to U.S.S.G. § 3E1.1 to level 25. The parties agree that he is in Criminal History Category I. Thus, Randall's guideline range is 57-71 months

incarceration. In exchange for the benefits of this plea agreement, including the avoidance of sentencing guideline risks provided by FRCP 11(c)(1)(C), Randall and the United States stipulate that the Court impose a term of incarceration of 60 months (the statutory minimum mandatory) under FRCP 11(c)(1)(C). Randall stipulates that no other U.S.S.G. adjustment or departure from the agreed upon 60 month conditional stipulated term of incarceration, under any ground, is appropriate. Randall thus waives rights, if any, to move for adjustment or departure downward from the conditional stipulated 60 month term of incarceration component of his sentence.

10. If the Court accepts this plea agreement's conditional stipulated term of incarceration (60 months) and imposes the agreed upon term, the Court will inform Randall at the time of judgment and sentencing that it will follow the condition provided for in this plea agreement and sentence him accordingly. Alternatively, if the Court rejects the conditional stipulated sentence of incarceration, the Court shall so advise the United States and Randall at the time of sentencing and allow the United States or Randall the opportunity to withdraw from this plea agreement.

11. **Other Sentencing Considerations:** Each party reserves the right of allocution at the time of sentencing. Each party retains the right to provide to the sentencing court and the probation office all information regarding the facts concerning the defendant's offense of conviction, about the defendant and about the applicable law. Each party, except as stipulated herein, reserves the right to argue for any sentencing conditions,

including as to any fine determined by the Court at sentencing.

12. Randall understands that, to be eligible for the three level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Randall must provide truthful information to the U.S. Probation Office for purposes of preparing a presentence report, express remorse for his crimes, admit to the factual elements necessary to support his guilty plea and crime of conviction as charged in the indictment, and commit no crimes before judgment and sentencing. The parties further stipulate and agree that Randall shall be subject to a full restitution order, shall be ordered to complete a term of supervised release of up to life, and that he faces a possible fine of up to $250,000.

13. If Randall commits any felony crimes or knowingly makes any false or perjurious statement in connection with his guilty plea, or if Randall otherwise violates this plea agreement in any way, the United States will no longer be bound by the terms of this agreement. For example, if Randall violated this plea agreement after entry of a guilty plea, then the United States could elect to withdraw from the agreement and proceed to trial or could elect to proceed to sentencing under Randall's guilty plea and seek an upward departure.

### EFFECT OF PLEA

14. The defendant understands and agrees that, provided the Court imposes an incarceration period of 60 months, he may not withdraw his plea as a result of an order imposing a term of supervised release or fine, notwithstanding any prediction, representation or promise by his attorney or anyone else concerning supervision and fines. In other words, Randall

understands and agrees that it is only the 60 month term of incarceration component of his sentence that is conditional upon the Court under FRCP 11(c)(1)(C).

15. Since this plea agreement is made under FRCP 11(c)(1)(C), Randall specifically agrees as follows: if the Court endeavors to impose a sentence less severe than that provided by this plea agreement, then the United States may fully withdraw from this plea agreement. See United States v. Semler, 883 F.2d 832, 833 (9th Cir. 1989). Randall further understands and agrees that, if this plea agreement becomes void for this reason or because Randall has violated this plea agreement, then the United States may fully withdraw from this plea agreement and proceed to trial against Randall. The defendant's full compliance with his obligations under this plea agreement include that Randall agrees not to seek a period of incarceration of less than 60 months -- the conditional stipulated incarceration component of this plea agreement under FRCP 11(c)(1)(C) -- for his conviction.

16. The defendant agrees and admits that no pressure has been placed upon him by any person, official or agency, no threats have been made against him and that he is pleading guilty freely and voluntarily. The defendant understands that the United States may provide notice of his conviction to any appropriate agency. Each party reserves the right of allocution at sentencing. Each party retains the right to provide to the federal sentencing court and the probation office all information regarding the facts concerning the defendant's offenses of conviction, about the defendant, and about the applicable law. The defendant agrees that the court can determine the facts relating to sentencing

PLEA AGREEMENT (Timothy Craig Randall)                                8

offense level, adjustments, departures, or other factors (including criminal history) under a preponderance of the evidence standard.

### STIPULATED FACTS UNDERLYING GUILTY PLEA

17. The defendant stipulates and agrees that the following facts are true and correct beyond a reasonable doubt:

(a) Between November 2005 and April 27 2006, Randall spoke via interstate internet communication, interstate cellphone communication, and interstate telephone communication to South Lake Tahoe residents, individuals Randall believed were minor (under the age of 18 years) girls/females. Randall spoke to the "minors" directly and through computer chat while the "minors" were using screen names (miss_beeheaven, ms_cheevious, and tyger_gerrl (three 13 year old girlfriends)). While talking/chatting to the minor "girls", Randall used several screen names including "timnevada". In fact, there were no "actual" minors that Randall was talking/chatting with via interstate communications.

(b) Through the five month period, Randall specifically chatted with miss_beeheaven over very explicit sexual matters. During this time, Randall used a webcam to send sexually explicit images interstate from Nevada to California (including sexually explicit nudes of himself and females).

(c) Randall chatted about having sex with the "minor" (miss_beeheaven), including sexual intercourse, genital to genital sex and contact, and oral to genital sex and contact. Randall persuaded, induced, and enticed the minor to have such sex and he proposed coming to South Lake Tahoe for such sex with the "minor".

(d) On April 27, 2006, Randall came to South Lake Tahoe intending to have sex after school with the "minor". For the event, Randall rented a motel room at Motel 6, purchased condoms, sex lubricant, and snacks for the minor. Among other things, Randall brought two webcams, a digital camera, a video camera, and a sexual device for his sexual encounter with the "minor".

(e) On April 27, 2006, Randall was arrested (in the Motel 6 parking lot) in South Lake Tahoe after he made contact with law enforcement's decoy "minor". After Miranda rights advisement, Randall confessed to being in California to have sex with the "minor" 13 year old. Randall admitted that his intended sex acts with the "minor" were risky because "she was underage". In his confession, Randall described the 13 year old "minor" he was to meet as: 5'6", 103 lbs, 34A 23 35, brown hair, and hazel eyes.

**PLEA AGREEMENT (Timothy Craig Randall)** 9

**ADVISEMENT AND WAIVER OF RIGHTS**

18. Waiver of Constitutional Rights: The defendant acknowledges that he has had all of his rights explained to him regarding this plea agreement. The defendant expressly recognizes that he has the following rights, summarily listed herein, that have been fully explained to him:

> The right to plead not guilty and persist in that plea.
> The right to a speedy and public jury trial.
> The right to assistance of counsel at trial and appeal.
> The right to remain silent at trial.
> The right to testify at trial.
> The right to confront and cross-examine witnesses.
> The right to present evidence and witnesses.
> The right to compulsory process of the court.
> The right to be presumed innocent.
> The right to a unanimous guilty verdict.
> The right to appeal a guilty verdict.

The defendant further understands that he waives each and every one of the rights (except as to counsel) identified herein by pleading guilty pursuant to this plea agreement, and it is his knowing and voluntary intention to do so. In addition, the defendant understands that discovery may not have been completed and that there may be additional discovery to which he would have had access if he proceeded to trial. The defendant agrees to waive his right to receive any additional disclosure to him of the United States' evidence, including but not limited to statements of witnesses and any and all evidence tending to impeach, directly or indirectly, the credibility of any potential witness, in exchange for the benefits set forth in this plea agreement. Also, the defendant acknowledges that if his guilty plea is accepted, then there will not be a federal criminal trial.

19. Waiver of Attorney's Fees and Costs: The defendant agrees to waive all rights under the "Hyde Amendment," P.L. 105-

PLEA AGREEMENT (Timothy Craig Randall)                                    10

1 119 §627 (Nov. 26, 1997), to recover attorneys' fees and other
2 litigation expenses in connection with this investigation and
3 prosecution (including without limitation any charge to be
4 dismissed or not charged pursuant to this plea agreement and any
5 related allegations or statements).

### OTHER CONSIDERATIONS

7 20. The parties agree that if the Court does not accept the
8 defendant's guilty plea to Count One as charged in the Indictment,
9 then this plea agreement shall be null and void.

10 21. The parties agree that the Court may accept or reject
11 this plea agreement or defer as to acceptance or rejection until
12 there has been an opportunity for the Court to consider a
13 presentence report.

14 22. The defendant agrees that he has been advised by his
15 attorney of his rights under the Federal Rules of Criminal
16 Procedure, including FRCP 11 and 32, and she fully understands all
17 such rights and is satisfied with his attorney's representation.

18 23. If the defendant's sentence is consistent with the
19 stipulations, if any, set forth herein, then the defendant agrees
20 to waive all rights in every respect to appeal directly (under 28
21 USC 1291 and 18 USC 3742) and collaterally (under 28 USC 2255) his
22 plea of guilt, the sufficiency of evidence, the sentence imposed,
23 and the sentence calculation.

### ENTIRE PLEA AGREEMENT

25 24. Other than this plea agreement, no agreement,
26 understanding, promise, or condition between the United States and
27 the defendant exists, nor will such agreement, understanding,
28 promise, or condition exist unless it is committed to a writing

and signed by the defendant, counsel for the defendant, and counsel for the United States.

25. The defendant understands that if he withdraws from this plea agreement or attempts to withdraw from entry of his guilty plea, then the United States is not bound by the terms of this plea agreement and the defendant may be prosecuted for any offenses known to the United States. The defendant agrees and admits that no pressure has been placed upon him by anyone, no threats have been made against him, and that he is pleading guilty freely and voluntarily.

26. If the defendant is sentenced in accordance with this plea agreement, then the United States will dismiss the remaining count (Count Two) in the indictment at the conclusion of judgment and sentencing and the United States will not further prosecute the defendant for attempt to produce sexually explicit images of a minor. However, if the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the United States shall have the right (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any count that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not

**PLEA AGREEMENT (Timothy Craig Randall)**　　　　　　　　　　　　12

limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**SIGNATURES**

27. The undersigned Assistant United States Attorney hereby accepts and agrees to this plea agreement for the United States.

Dated: 9/22/06

McGREGOR W. SCOTT
United States Attorney

By: _____
MICHELLE RODRIGUEZ
Assistant U.S. Attorney

28. I, Timothy Craig Randall, have consulted with my attorney and I fully understand all my rights, including those rights contained in FRCP 11 and my constitutional rights, with respect to the two offenses charged in the Indictment against me in this case. I have read this plea agreement and the Indictment, and I have carefully reviewed each document with my attorney. I am guilty as charged in Count One, and I committed the criminal conduct charged in Count One in order to commit a criminal violation of CPC section 288(a). I have reviewed the sentencing calculations and the applicable guidelines and I agree to such as indicated herein. In signing this plea agreement, I was not under the influence of any disabling or mentally impairing drug, medication, liquor, intoxicant, or depressant. Further, I was alert, attentive, and fully capable of understanding the terms and conditions of this plea agreement and the Indictment. I am fully satisfied with my attorney's representation. I understand this plea agreement, and I voluntarily and I willfully agree to this

written plea agreement. I understand there are no other terms or oral agreements, other than what is contained in this plea agreement.

Dated: 9/20/06

TIMOTHY CRAIG RANDALL
DEFENDANT

29. I, Linda Harter, am Timothy C. Randall's attorney. I have fully explained this plea agreement and his rights to him with respect to the two count Indictment against him. I observed his read the plea agreement and the Indictment. To my knowledge, his decision to enter into this plea agreement is an informed and voluntary decision. In signing this plea agreement, Mr. Randall did not appear to be under the influence of any disabling or mentally impairing drug, medication, liquor, intoxicant, or depressant. Further, from what I could discern based on my experiences with Mr. Randall, I have reason to believe that, considering the mental state under which he signed this plea agreement, he was alert, attentive, and fully capable of understanding the terms and conditions of this plea agreement.

Dated: 9/20/06

LINDA HARTER, ESQ.
Attorney for Randall

///