# United States District Court
## Eastern District of California
Before the Honorable **EDWARD J. GARCIA**

**17 minutes**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TIMOTHY CRAIG RANDALL**<br>aka Tim Nevada | MINUTES<br>CASE #: CR-S-06-341-01<br>DATE:  12/13/06<br>Deputy Clerk: Karen Kirksey Smith<br>Court Reporter:  Jill McLeod |

**For the Government**  
Michelle Rodriguez  
Assistant United States Attorney

**For the Defendant(s)**  
Linda Harter  
[X] Assistant Federal Defender  
[ ] Appointed   [ ] Retained

**Interpreter**:  Mauri Fitzgibbons  
[ ] previously sworn  
**Defendant**  
[x] Present  [X] In Custody  [ ] O/R  [ ] Bail  [ ] No Appearance  [ ] Waived  [ ] Failed to Appear  
[ ] Arraignment on Information  
[ ] Deft arraigned    [ ] Arraignment continued to: _____    T/S set: _____  
[ ] True name as charged   [ ] States true name is: _____  
Defendant pleads: [ ] Not Guilty   [ ] Guilty   [ ] Nolo   Hearing set: _____  
[ ] Waiver of Indictment  
[ ]status conference held _____ [ ] Further Status SET for _____ at 9:00 am _____.  
TCH _____    JT set: _____              JT of _____ is vacated  
motions by: _____     oppo by: _____          reply by: _____  
motion hearing: _____         trial setting: _____   Change of plea: _____  
[ ] trial confirmation  
jt confirmed: _____     tch continued: _____                        jt reset: _____  
further status: _____     other: _____  
[ ] Change of plea  
[ ] pleads guilty _____  
pre-sentence report prepared [ ] ordered [ ] waived;  judgment set for: _____  
[ ] Waiver of Indictment  
**[ x ] Judgment and Sentencing - Date of Plea or Finding of Guilty:  9/22/2006   to Count 1 of the Indictment.**  
**Imprisonment: 60 months.**  
[ ] Placed on Probation: _____  surrender date: _____  
[ ] Probation Conditions: _____  
**[X] Special Assessment**:  $100 due immediately        **[X] Fine:** $3,000 due immediately  
[ ] Bond Exonerated: _____           **[X] Interest on Fine: WAIVED**  
**[X] Term of supervised release**:  120 months.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.  
**[X] Conditions of supervised release**:   Defendant shall 1) not commit another federal, state, or local crime; 2) not possess a firearm as defined in 18 USC 921; 3) not illegally possess controlled substances; 4) submit to the collection of DNA; 5) comply with the standard conditions which have been recommended by the United States Sentencing Commission and adopted by

this court; 6) register and comply with the requirements in the federal and state sex offender registration agency in the state and in the jurisdiction of conviction, Eastern District of California, and in any jurisdiction where the defendant resides, is employed, or is a student; 7) refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, not to exceed four drug tests per month.

[X] **Special Conditions**: 1) The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition; 2) As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse; 3) As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.)  to determine if he has reverted to the use of drugs or alcohol; 4) The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale; 5) As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient); 6) As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month; 7) The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance.  The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades or other places primarily used by children under the age of 18; 8) The defendant shall (a) consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of any computer equipment or device that has an internal or external modem which may include retrieval and copying of all data from the computer or device and any internal or external peripherals to ensure compliance with conditions and/or removal of such equipment for purposes of conducting a more thorough inspection; and (b) consent at the direction of the probation officer to having installed on the computer or device, at defendant's expense, any hardware or software systems to monitor the computer or device's use; 9) The defendant shall not possess, own, use, view, read, or frequent places with any sexually explicit material in any form that depicts children under the age of 18.  Sexually explicit conduct is define at 18 USC 2256(2) and means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (3) lascivious exhibition of the genitals or pubic area of any person under the age of 18; 10) The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service."  This includes any Internet service provider, bulletin board system, or any other public or private computer network; 11) The defendant shall provide all requested business/personal phone records to the probation officer.  The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers.  The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider; 12) The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her.  This includes any activities in which defendant is acting as a technician, advisor, or consultant with or without any monetary gain or other compensation; 13) The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, computer voice stress analysis (CVSA), and/or ABEL assessment] as approved and directed by the probation officer and as recommended by the assigned treatment provider; and 14) The defendant shall register, as required in the jurisdiction in which he resides, as a sex offender.

**Restitution:**  [ ] Total Restitution:_____  [  ] Interest on Restitution: _____
[  ] Restitution Payable to:_____
[ ] Right to Appeal given:_____   [ X ] Appeal Rights Waived

**Recommendation**:  The Court recommends that the defendant participate in an alcohol abuse treatment program while incarcerated.

[X] Other:    Upon motion made by the government, the Court dismisses Count 2.

                The defendant shall forfeit any and all computers seized, digital photographic equipment of any kind, and cameras.